# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 2:19-cv-14048-ROSENBERG/MAYNARD

JOHN O. HUDDLESTON,

 Plaintiff,

v.

UNITED STATES OF AMERICA,

 Defendant.
_____/

## ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION IN LIMINE

 This matter is before the Court on Plaintiff's Amended Motion for Summary Judgment [DE 33] and Plaintiff's Motion in Limine [DE 28]. The Motions have been fully briefed. The Court has carefully considered the Motions, Defendant's Responses thereto [DE 45 and 40-1], and the record, and is otherwise fully advised in the premises. For the reasons set forth below, the Amended Motion for Summary Judgment is denied, and the Motion in Limine is denied without prejudice.

  **I.** **Amended Motion for Summary Judgment**

 Plaintiff moves for summary judgment on the issue of liability, arguing that the vehicle accident at issue was a rear-end collision and that there is no evidence that he, the driver of the front vehicle, was at fault. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant shows that there is no genuine dispute as to a material

fact, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial. *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018).

"A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008). When deciding a summary judgment motion, a court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016). The court does not weigh conflicting evidence or make credibility determinations. *Id.*

The Court applies Florida's substantive law on negligence to this action brought under the Federal Tort Claims Act. *See Creekmore v. United States*, 905 F.2d 1508, 1510 (11th Cir. 1990) ("The Federal Tort Claims Act requires us to apply state law to determine the substantive liability of the United States."). Under Florida law, "there is a rebuttable presumption of negligence that attaches to the rear driver in a rear-end motor vehicle collision case." *Birge v. Charron*, 107 So. 3d 350, 353 (Fla. 2012). The fact presumed "is that the rear driver's negligence was the sole proximate cause" of the collision. *Id.* at 359 (quotation marks omitted). This presumption is rebutted and "vanishes and loses its legal effect" if evidence is produced from which a jury could conclude that the front driver was negligent and comparatively at fault in causing the collision. *Id.* at 359-61. When the presumption is rebutted "all issues of disputed fact regarding negligence and causation should be submitted to the jury to make a finding of fault without the aid of the presumption." *Id.* at 360.

A front driver's sudden, illegal, or improper stop may rebut the presumption. *Seibert v. Riccucci*, 84 So. 3d 1086, 1088 (Fla. 5th Dist. Ct. App. 2012). The rear driver has a duty to remain alert, follow at a safe distance, and be prepared to stop suddenly. *Id.* at 1088-89. But the front driver may be held comparatively negligent where his stop was unexpected, abrupt and arbitrary, and in a place not to be reasonably expected. *Wright v. Ring Power Corp.*, 834 So. 2d 329, 331 (Fla. 5th Dist. Ct. App. 2003); *see also Birge*, 107 So. 3d at 359 (indicating that the presumption would apply if the front driver was stopped for a traffic light or at an intersection).

Here, Defendant has come forward with evidence to rebut the presumption that Ginger Lee Velez, the rear driver who was a Postal Service employee, was the sole proximate cause of the collision. Ms. Velez testified that Plaintiff was traveling in front of her and that neither his break lights nor his turn signals were lit. DE 47-2 at 12-13. She glanced down "for a second" and, when she looked up, his break lights were lit and she swerved in an attempt to avoid him. *Id.* at 12-13. She testified that they were not at an intersection at the time. *Id.* at 14. Plaintiff testified that he was stopped at the time of the collision. DE 47-1 at 68-69. This evidence permits a conclusion that Plaintiff's stop was unexpected, abrupt and arbitrary, and in a place not reasonably expected.

The evidence creates a genuine issue of material fact as to the apportionment of liability for the collision. Plaintiff's Amended Motion for Summary Judgment is denied.

## II.     Motion in Limine

Plaintiff's Motion in Limine seeks the exclusion of three categories of evidence. First, he moves to exclude as irrelevant any prior criminal convictions over ten years old. Evidence of a prior felony conviction "must be admitted subject to Rule 403, in a civil case," while evidence of

a prior non-felony conviction "must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a). However, where more than 10 years have passed since the witness's conviction or release from confinement, evidence of the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and the proponent of the evidence gives reasonable written notice of intent to use the evidence. Fed. R. Evid. 609(b).

Plaintiff has provided absolutely no information, much less any "specific facts and circumstances," from which the Court can evaluate whether any prior conviction is admissible. *See id.* Plaintiff's motion fails to even identify any particular prior conviction. Thus, this first request is denied without prejudice to be re-raised at trial if Defendant attempts to admit a prior conviction.

Second, Plaintiff moves to exclude any employment or wage evidence because he is not asserting a wage loss claim. For the reasons identified in Defendant's Response to the Motion in Limine, this evidence may be relevant to issues such as Plaintiff's credibility and truthfulness. *See* DE 40-1 at 3. This second request is denied without prejudice to be re-raised at trial in the context of specific evidence.

Third, Plaintiff moves to exclude hearsay statements in general. The Court, in its Trial Order, advised the parties that motions in limine requesting compliance with the Federal Rules of Evidence are improper. *See* DE 5 at 12. This third request is denied without prejudice to be re-raised at trial in the context of specific evidence. Plaintiff's Motion in Limine is denied without prejudice.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Amended Motion for Summary Judgment [DE 33] is **DENIED**.

2. Plaintiff's Motion in Limine [DE 28] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 12th day of December, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record