UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:19-cv-14048-ROSENBERG/MAYNARD

JOHN O. HUDDLESTON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY AND AMEND RULE 26 DISCLOSURES

This matter is before the Court on Plaintiff's Motion for a Limited Reopening of Discovery and Amendment of Rule 26 Disclosures as to Jed Weber, M.D. DE 57. The Court has carefully considered the Motion, Defendant's Response thereto [DE 65], and the record and is otherwise fully advised in the premises. For the reasons set forth below, Plaintiff's Motion is denied.

Plaintiff previously moved to reopen discovery, amend his Rule 26 disclosures, and continue trial. DE 39. The Court held a status conference on November 25, during which the Court reviewed the relevant procedural background of this case. *See* DE 54. In short, the Court on May 19 set August 2 as the deadline for Rule 26(a)(2) expert reports and summaries. DE 10. On August 2, Plaintiff provided an expert witness list and a report of Michael J. Foley, M.D., none of which satisfied the requirements of Rule 26(a)(2) as to any purported expert. DE 38-1 and -2; *see also* Fed. R. Civ. P. 26(a)(2)(B), (C). Plaintiff provided an amended expert witness list and additional disclosures on November 13, well after the August 2 deadline and after Defendant had

filed a motion in limine seeking to exclude Plaintiff's witnesses from testifying as experts due to insufficient Rule 26(a)(2) disclosures. DE 32 and 37.

At the November 25 status conference, the Court denied Plaintiff's motion to reopen discovery, amend his Rule 26 disclosures, and continue trial, and granted Defendant's motion in limine to exclude Plaintiff's witnesses from testifying as experts. DE 50 and 54. Although Plaintiff's instant motion to reopen discovery and amend Rule 26 disclosures as to Dr. Weber is not styled as a motion for reconsideration, the Court does view it as a motion for reconsideration of the November 25 Order. *See* DE 57.

The Court denies the instant motion for the reasons previously given on the record. *See* DE 54. Plaintiff has not provided an adequate justification for failing to make timely Rule 26(a)(2) disclosures. Plaintiff contends that he saw Dr. Weber for the first time on August 1, one day before the Rule 26(a)(2) disclosure deadline. The vehicle accident at issue in this case occurred in November 2016, and Plaintiff has not explained waiting until nearly three years later, and one day before the Rule 26(a)(2) disclosure deadline, to see Dr. Weber. Moreover, Plaintiff knew as of the August 2 deadline that Dr. Weber would provide expert testimony on issues such as causation, *see* DE 38-1, but Plaintiff nevertheless failed to provide an adequate and timely disclosure. *See* Fed. R. Civ. P. 26(a)(2)(C).

Plaintiff's disclosure deficiencies have prejudiced Defendant and are not harmless. Defendant did not pursue depositions of any of Plaintiff's purported experts and did not obtain rebuttal experts because Plaintiff did not adequately disclose any experts. *See* DE 48, 54, and 65. The deadlines for Defendant to disclose rebuttal expert witnesses and for the completion of discovery and the briefing of pretrial motions have passed. *See* DE 10. This case is scheduled for

trial to take place during the two-week period beginning February 3, 2020. DE 5. This case was filed more than ten months ago and concerns a vehicle accident that occurred more than three years ago. The Court is unwilling to continue trial because it is time to bring this matter to a resolution.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for a Limited Reopening of Discovery and Amendment of Rule 26 Disclosures as to Jed Weber, M.D. [DE 57] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 17th day of December, 2019.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record