UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:19-cv-14048-ROSENBERG/MAYNARD

JOHN O. HUDDLESTON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## **ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant's Motion for Summary Judgment. DE 52. The Motion has been fully briefed. The Court has carefully considered the Motion, Plaintiff's Response thereto [DE 55], Defendant's Reply [DE 66], and the record and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion for Summary Judgment is denied.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant shows that there is no genuine dispute as to a material fact, the burden shifts to the non-moving party to come forward with specific facts showing that there is a genuine issue for trial. *Shaw v. City of Selma*, 884 F.3d 1093, 1098 (11th Cir. 2018).

"A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008). When deciding a summary judgment motion, a court views the evidence in the light most favorable

to the non-moving party and draws all reasonable inferences in that party's favor. *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016). The court does not weigh conflicting evidence or make credibility determinations. *Id.*

Defendant contends that summary judgment is appropriate because, given prior rulings of the Court, Plaintiff has no expert witness to testify that the vehicle accident at issue caused his injuries, and thus he cannot establish causation, a necessary element of his negligence claim. Unless the injury at issue is readily observable such as a broken leg from being struck by an automobile, a plaintiff is required to introduce medical testimony to establish medical causation, which is a necessary element for a finding of negligence in a personal injury action. *Jones v. Royal Caribbean Cruises, Ltd.*, No. 12-20332-CIV, 2013 WL 8695361, *5-6 (S.D. Fla. Apr. 4, 2013) (explaining that injuries such as back difficulties are not readily observable); *Marking v. Novartis Pharm., Corp.*, No. 00-9108-CV, 2002 WL 32255405, *3 (S.D. Fla. Feb. 12, 2002). Summary judgment is appropriate where no such testimony is available. *Marking*, 2002 WL 32255405, *3.

A lay witness may only testify to opinions or inferences that are rationally based on the witness's perception, helpful to a clear understanding of the witness's testimony or to determining a fact in issue, and not based on scientific, technical, or other specialized knowledge within the scope of Fed. R. Evid. 702. *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005) (citing Fed. R. Evid. 701). "[T]he ability to answer hypothetical questions is the essential difference between expert and lay witnesses." *Id.* (alteration and quotation marks omitted).

A treating physician testifying as a lay witness may testify about the cause of an injury if knowledge of causation was necessary for the physician to treat the patient or make decisions about treatment. *Wilson v. Taser Int'l*, 303 F. App'x 708, 712-13 (11th Cir. 2008); *Carideo v. Whet*

2

*Travel, Inc.*, No. 16-23658-CIV, 2018 WL 1367444, *12-13 (S.D. Fla. Mar. 16, 2018); *Jones*, 2013 WL 8695361, *5. If, at the summary-judgment stage, it is unknown whether the plaintiff has treating physician lay witnesses to provide causation testimony, summary judgment should be denied. *Jones*, 2013 WL 8695361, *6. The exact boundaries of the treating physician's testimony are then addressed at trial with specific objections to specific testimony. *Id.*

Here, even if Plaintiff has no witness to testify as an expert, Defendant has not shown that none of Plaintiff's treating physician lay witnesses needed to know the cause of the accident to treat Plaintiff or to make decisions about his treatment. Therefore, Defendant has not shown that Plaintiff has no admissible medical testimony to establish medical causation. Plaintiff's ability to establish medical causation remains a genuine issue for trial and, thus, Defendant's motion for summary judgment is denied. The scope of the testimony of Plaintiff's treating physician lay witnesses will be addressed at trial.[1]

Finally, the Court notes that Plaintiff's counsel has an obligation to the Court not to pursue this case to trial if counsel knows or should know that Plaintiff will be unable to prove his claims. *See Murray v. Playmaker Servs., LLC*, 548 F. Supp. 2d 1378, 1383 (S.D. Fla. 2008) (explaining that, "[a]s an officer of the court, every attorney ha[s] a duty to be candid and loyal and an attorney's duty to zealously prosecute a case for his client cannot outweigh his or her obligation to the court" and concluding that counsel should have advised her client to dismiss a lawsuit where counsel should have known after discovery that no claim existed); *see also* Fed. R. Civ. P. 11(b) (requiring the representations that an attorney or party makes to a court in writing to be warranted

---

[1] While the parties' briefing does not make the precise nature of Plaintiff's injuries clear, the Court's understanding from a review of the record is that Plaintiff is claiming neck and back injuries and not a type of injury that is readily observable such as a broken leg. To the extent that the Court is mistaken and Plaintiff did sustain a readily observable injury, his ability to establish causation for such an injury is also a genuine issue for trial.

3

by the facts or law).  Should it become clear at trial that Plaintiff has no admissible evidence by which to prove medical causation and that a grant of a motion for judgment as a matter of law under Fed. R. Civ. P. 50 is a certainty, the Court will entertain any appropriate post-trial motion for sanctions or an award of fees.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Summary Judgment [DE 52] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 17th day of December, 2019.

 _____
 ROBIN L. ROSENBERG
 UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record